**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

TOM TUDUJ, #M-05570,            )
                                       )
      **Plaintiff,**             )
                                       )    **Case No.:  15-cv-01294-NJR**
vs.                             )
                                     )
STEVEN NEWBOLD, DMD,       )
                                     )    **JURY TRIAL DEMANDED**
HARRY GEORGE HENDERSON, DDS, )
                                     )
CRAIG J. ASSELMEIER, DMD,    )
                                     )
JOHN R. BALDWIN, in his capacity  )
As Director of the Illinois Department  )
of Corrections,               )
                                     )
      **And**               )
                                     )
KIMBERLY BUTLER, in her capacity  )
As Warden of the Menard Correctional )
Center,                     )
                                     )
      **Defendants.**         )

## FIRST AMENDED COMPLAINT

COMES NOW plaintiff **Tom Tuduj** and for his First Amended Complaint against

defendants Steven Newbold, DMD, Harry George Henderson, DDS, Craig J. Asselmeier, DMD,

John R. Baldwin and Kimberly Butler, states:

## ALLEGATIONS COMMON TO ALL COUNTS

1.      Plaintiff is a Citizen of the State of Illinois.

2.      Defendant Steven Newbold, DMD, was at all times relevant the Dental Director at

the Menard Correctional Center in Randolph County, Illinois.  Upon information and belief,

Defendant Newbold is an employee of Wexford Health Source, Inc.  At all times herein, defendant

Newbold was acting under color of law.  Defendant Newbold is sued in his individual capacity.

3.      Defendant Harry George Henderson, DDS, was at all time relevant a dentist at the Menard Correctional Center in Randolph County, Illinois.  Upon information and belief, Defendant Henderson is an employee of Wexford Health Source, Inc.  At all times herein, defendant Henderson was acting under color of law.  Defendant Henderson is sued in his individual capacity.

4.      Defendant Craig J. Asselmeier, DMD, was at all time relevant a dentist at the Menard Correctional Center in Randolph County, Illinois.  Upon information and belief, Defendant Asselmeier is an employee of Wexford Health Source, Inc.  At all times herein, defendant Asselmeier was acting under color of law.  Defendant Asselmeier is sued in his individual capacity.

5.      Defendant John R. Baldwin is the Director of the Illinois Department of Corrections and is sued in his official capacity.  As Director of the Illinois Department of Corrections, Defendant Baldwin is responsible for establishing, monitoring and enforcing operations, policies and practices of the Illinois state prison system, which includes the provision of constitutionally adequate dental care for all prisoners committed to the custody of the Illinois Department of Corrections.  At all times relevant hereto, he has acted under color of state law.

6.      Defendant Kimberly Butler is the warden of the Menard Correctional Center, an Illinois Department of Corrections facility located in Randolph County, Illinois.  As warden of the Menard Correctional Center, Defendant Butler is responsible for establishing, monitoring and enforcing operations, policies and practices of the Menard Correctional Center, which includes the provision of constitutionally adequate dental care for all prisoners committed to the custody of the Illinois Department of Corrections at Menard Correctional Center.  At all times relevant hereto, she has acted under color of state law.  Defendant Butler is sued in her official capacity.

7.      Jurisdiction in this Court is proper pursuant to 42 U.S.C. § 1983 in that plaintiff seeks redress for violations of his right under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment and 28 U.S.C. § 1331 in that this matter arises under the Constitution and laws of the United States.

8.      Venue in this Court is proper under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in Randolph County, Illinois, which is situated within the jurisdictional boundaries of the Southern District of Illinois.

9.      Plaintiff has been incarcerated in the Menard Correctional Center, an Illinois Department of Corrections facility, since June of 2009.

10.     Because he is incarcerated, plaintiff is entirely dependent upon the Illinois Department of Corrections and its agent or employees for his medical and dental care.

11.     Since arriving at Menard Correctional Center in 2009, plaintiff has suffered severe dental problems with several of his teeth.

12.     On several occasions, when seeking treatment of his dental problems, plaintiff has been informed that fillings and root canals are not performed pursuant to department or facility policy and that the only available treatment was extraction of the tooth.

13.     As a result of the aforementioned policy or the individual defendants' refusals to perform fillings or root canals, plaintiff has lost several of his teeth, either through extraction or deterioration of the teeth.

14.     On December 24, 2013, plaintiff was seen by Defendant Henderson complaining of pain in a tooth and seeking dental care to save his teeth.  Dr. Henderson proposed extraction of the tooth rather than a root canal, stating that, on the street, plaintiff could have the procedure performed for $2,000.00 to $3,000.00, but not "in here."

15.     On January 13, 2014, plaintiff, after having lost several teeth either through extraction or deterioration while in custody at Menard, presented to defendant Newbold and complained of intense pain in one of his teeth.  Defendant Newbold advised plaintiff that he had the choice of either having the tooth extracted or leaving it in.

16.     On February 13, 2014, plaintiff again presented to Defendant Newbold complaining of pain in the same tooth.  Defendant Newbold informed plaintiff that they do not perform root canals at Menard and that the Illinois Department of Corrections does not send anyone to outside offices for root canal work.  Based on Defendant Newbold's statements and the pain caused by his dental condition, plaintiff consented to the extraction of tooth #18.

17.     On September 4, 2014, plaintiff was sent to an outside facility for extractions of two more teeth (#17 and #19.)

18.     On June 18, 2015, plaintiff was seen by Defendant Asselmeier complaining of an abscess in tooth #8 and requesting a root canal to repair the tooth.  Plaintiff was informed by Defendant Asselmeier that he would not prescribe a root canal without the warden's approval.  At the same time, Defendant Asselmeier told plaintiff that tooth #8 needed to be extracted.  Plaintiff refused to consent to the extraction of tooth #8 on the chance that it could be saved by a root canal.

19.     Because of the defendants' refusal to perform fillings of cavities and root canals or the department or facility policy that extractions are the only dental treatment available to inmates, plaintiff has endured the deterioration of multiple teeth that could have been saved through earlier intervention, the loss of multiple teeth through extraction or deterioration that could have been saved through earlier and less invasive intervention, multiple cuts and abrasions to his mouth and tongue resulting from cracked teeth and exposed jawbone after extractions, and extreme pain and suffering.  As a result of the loss of his teeth and the defendants' failure to provide partial dentures

or bridges in replacement of the lost teeth, plaintiff has endured difficulty eating and swallowing, causing additional pain and suffering.

## COUNT I
### Deliberate Indifference to a Serious Medical Need
### against Defendants Newbold, Henderson and Asselmeier

COMES NOW plaintiff **Tom Tuduj** and for Count I of his First Amended Complaint against defendants Steven Newbold, DMD, Harry George Henderson, DDS, and Craig J. Asselmeier, DMD, states:

20.     Plaintiff hereby repleads and incorporates by reference the allegations set forth in paragraphs 1 through 19 as if the same were herein fully set forth.

21.     Plaintiff had a serious medical need in the form of cracked and rotting teeth, abscesses in his teeth and pain resulting therefrom.

22.     Defendants Newbold, Henderson and Asselmeier were deliberately indifferent to plaintiff's serious medical need by failing to perform dental procedures that could have prevented further tooth pain and tooth loss.

23.     Because of the defendants' refusal to perform fillings of cavities and root canals or the department or facility policy that extractions are the only dental treatment available to inmates, plaintiff has endured the deterioration of multiple teeth that could have been saved through earlier intervention, the loss of multiple teeth through extraction or deterioration that could have been saved through earlier and less invasive intervention, multiple cuts and abrasions to his mouth and tongue resulting from cracked teeth and exposed jawbone after extractions, and extreme pain and suffering.  As a result of the loss of his teeth and the defendants' failure to provide partial dentures or bridges in replacement of the lost teeth, plaintiff has endured difficulty eating and swallowing,

causing additional pain and suffering.

24.     At all times relevant herein, defendants Newbold, Henderson and Asselmeier acted under color of law.

WHEREFORE, for these reasons, plaintiff respectfully prays this Court to enter judgment in his favor against defendants Newbold, Henderson and Asselmeier in an amount in excess of $75,000.00, to award plaintiff attorneys' fees pursuant to 42 U.S.C. § 1988; to award plaintiff his costs and for such further relief as this Court deems just.


## COUNT II
### Declaratory and Injunctive Relief Against Defendants Baldwin and Butler

COMES NOW plaintiff **Tom Tuduj** and for Count I of his First Amended Complaint against defendants John R. Baldwin and Kimberly Butler, states:

25.     Plaintiff hereby repleads and incorporates by reference the allegations set forth in paragraphs 1 through 24 as if the same were herein fully set forth.

26.     Defendants Baldwin and Butler have a departmental or facility policy and practice of failing to provide medically necessary dental services and are deliberately indifferent to the fact that the systemic failure to do so results in injury and a substantial risk of serious harm to prisoners.

27.     Plaintiff, like other prisoners, has been forced to wait months or years for basic dental treatment and has suffered significant pain and other harm.

28.     The primary dental service provided by Defendants Baldwin and Butler is tooth extraction, even if a much less invasive procedure such as a filling is medically appropriate and necessary. Prisoners such as plaintiff regularly face the dilemma of saving a tooth and suffering pain, or enduring the pain and losing a tooth that otherwise could be saved. Some prisoners, including plaintiff, initially refuse extractions, but eventually acquiesce after suffering pain for a

long period of time, or their condition worsens until extraction is the only treatment available.

29.     By their policies and procedures, Defendants Baldwin and Butler subject plaintiff and other prisoners to a substantial risk of serious harm and injury from inadequate dental care.

30.     These policies and practices have been and continue to be implemented by Defendants Baldwin and Butler and their agents, officials, employees, and all persons acting in concert with them under color of state law, in their official capacities and are the proximate cause of the plaintiff's ongoing deprivation of rights secured by the United States Constitution under the Eighth Amendment.

31.     Defendants Baldwin and Butler have been and are aware of all the deprivations complained of herein, and have condoned or been deliberately indifferent to such conduct.

32.     Plaintiff has no adequate remedy at law to redress the wrong committed by Defendants Baldwin and Butler. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies and practices of Defendants Baldwin and Butler as alleged herein unless plaintiff is granted the relief requested.  The need for relief is critical because the rights at issue are paramount under the United States Constitution and the laws of the United States.

WHEREFORE, for these reasons, plaintiff respectfully prays this Court to enter judgment in his favor granting him the following relief:

A.     Adjudge and declare that the acts, omissions, policies and practices of Defendants Baldwin and Butler and their agents, employees, officials, and all persons acting in concert with them under color of state law or otherwise, described herein are in violation of the rights of the prisoner plaintiff under the Cruel and Unusual Punishment Clause of the Eighth Amendment of the United States Constitution;

B.      Preliminarily and permanently enjoin Defendants Baldwin and Butler and their agents, employees, officials, and all persons acting in concert with them under color of state law or otherwise, from subjecting the prisoner Plaintiff to the illegal and unconstitutional conditions, acts, omissions, policies and practices set forth above;

C.      Order Defendants Baldwin and Butler and their agents, employees, officials, and all persons acting in concert with them under color of state law or otherwise, to develop and implement, as soon as practical, a plan to eliminate the substantial risk of serious harm that the prisoner Plaintiff suffers due to Defendants' inadequate dental care, including at a minimum the following:

1)      policies and practices that provide timely access to dental care, including fillings and root canals when such treatments are appropriate;

2)      policies and practices that reliability screen for dental conditions that need treatment;

3)      staffing sufficient to provide plaintiff and other prisoners with timely access to qualified and competent clinicians who can provide routine, urgent, emergent and specialty dental care;

D.      Award plaintiff attorneys' fees pursuant to 42 U.S.C. § 1988;

E.      Award plaintiff his costs;

F.      Award plaintiff such further relief as this Court deems just.

**DANNA MCKITRICK, P.C.**

BY:   */s/ John F. Cooney*

**John F. Cooney**, #6192540
7701 Forsyth Blvd., Suite 800
St. Louis, MO  63105-3907
Phone:   (314) 726-1000
Fax:        (314) 725-6592
E-mail:   jcooney@dmfirm.com

**ATTORNEYS FOR PLAINTIFF
TOM TUDUJ**