IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOM TUDUJ, #M-05570, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-01294-NJR |
| ) | |
| STEVEN NEWBOLD, DMD, ) | |
| HARRY GEORGE HENDERSON, DDS, ) | |
| CRAIG L. ASSELMEIER, DMD, ) | |
| JOHN R. BALDWIN, ) | |
| and KIMBERLY BUTLER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now before the Court for preliminary review is the First Amended Complaint (Doc. 16) filed by Plaintiff Tom Tuduj, by and through his court-appointed counsel. Plaintiff claims that he was denied dental care during his incarceration at Menard Correctional Center ("Menard") (Doc. 16, pp. 1-9). He specifically complains about three dentists who refused to fill his cavities. As his teeth deteriorated, Plaintiff was forced to choose between foregoing dental care and tooth extraction. In the process, he lost several teeth that could have been saved (*id.*). He also endured unnecessary pain and suffering. Plaintiff blames these events on a department- or prison-wide policy of denying inmates dental care.

Plaintiff now brings this civil rights action pursuant to 42 U.S.C. § 1983 against five officials who were responsible for the alleged denial of dental care, in violation of the Eighth Amendment. These officials include John Baldwin (Illinois Department of Corrections Director), Kimberly Butler (Menard's warden), Steven Newbold (dentist), Harry Henderson (dentist), and Craig Asselmeier (dentist). Plaintiff seeks monetary damages and injunctive relief (*id.* at 7-8).

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints, including amended complaints, to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The First Amended Complaint survives screening under this standard.

### First Amended Complaint

Plaintiff claims that he was denied adequate dental care at Menard for nearly eight years (Doc. 16, pp. 3-7). After being diagnosed with cavities on numerous occasions, Plaintiff was told that the department and prison would not authorize root canals or fillings. This left Plaintiff with two options. He could either forego treatment or consent to the extraction of his teeth. This policy, custom, or practice resulted in Plaintiff's loss of several teeth, as well as unnecessary pain and suffering.

Doctor Henderson met with Plaintiff about his complaints of pain in tooth #18 on December 24, 2013 (*id.* at 3). When Plaintiff asked the dentist to save the tooth, Doctor Henderson recommended extraction instead. He refused to consider a root canal, simply stating that the procedure was not available "in here" (*id.*).

Doctor Newbold met with Plaintiff about his complaints of intense tooth pain on January 13, 2014 (*id.* at 4). The dentist told Plaintiff that he must choose between tooth extraction and "leaving it in" (*id.*). Plaintiff returned to Doctor Newbold the following month, with complaints of pain in the same tooth. When Plaintiff requested a root canal, Doctor Newbold informed him that "they do not perform root canals at Menard and that the Illinois Department of Corrections does not send anyone to outside offices for root canal work" (*id.*). Plaintiff reluctantly consented to extraction of tooth #18. Later the same year, he was sent to an outside facility for extraction of tooth #17 and #19.

Doctor Asselmeier then met with Plaintiff to discuss an abscess in tooth #8 on June 18, 2015. Plaintiff again requested a root canal and was informed that no root canal would be performed without the warden's approval. Doctor Asselmeier recommended extraction of the tooth, but Plaintiff would not consent.

Plaintiff claims that tooth extractions are the only dental "treatment" that is offered to inmates (*id*. at 4). His teeth might have been saved, if earlier intervention was available. Instead, Plaintiff has endured tooth decay, cuts and abrasions caused by cracked teeth, exposed jawbone after extractions, and extreme pain. In addition, the defendants have refused to provide him with partial dentures or bridges, resulting in difficulty chewing and swallowing food (*id*. at 5).

Plaintiff now sues Doctors Newbold, Henderson, and Asselmeier for monetary damages, based on their refusal to provide him with adequate dental care in violation of the Eighth Amendment (**Count 1**). He also names IDOC Director Baldwin and Warden Butler, in connection with a request for declaratory judgment and injunctive relief[1] arising from their implementation of a department- or facility-wide policy and practice of refusing medically necessary dental services in violation of the Eighth Amendment (**Count 2**).

## Merits Review Under 28 U.S.C. § 1915A

In order to state an Eighth Amendment claim for denial of dental care, Plaintiff's First Amended Complaint need only describe conduct which plausibly suggests that the defendants knew he suffered from a serious medical need and consciously disregarded it. *See* FED. R. CIV. P. 8(a)(2); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006). The First Amended Complaint satisfies this standard.

---

[1] The First Amended Complaint refers to a general request for preliminary and permanent injunctive relief. However, Plaintiff, by and through counsel, did not file a separate motion seeking a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. The First Amended Complaint did not mention an urgent dental need of Plaintiff. Should a need arise, Plaintiff may request a preliminary injunction by filing a separate motion by and through his court-appointed attorney pursuant to Rule 65.

Dental care is one of the most important medical needs of inmates. *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Examples of objectively serious dental needs involve circumstances in which the failure to treat a dental condition causes an inmate to suffer an array of problems, such as headaches, extreme pain, bleeding, infected gums, and problems eating. *Wynn*, 251 F.3d at 593 (citations omitted). The allegations in the First Amended Complaint suggest that Plaintiff's dental needs were indeed serious. He suffered tooth decay, persistent pain, and problems eating, among other things.

The First Amended Complaint must also "demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). This state of mind is deliberate indifference, which is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). "Neither medical malpractice nor mere disagreement with a doctor's medical judgment" is sufficient to establish deliberate indifference in violation of the Eighth Amendment. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)). However, a prisoner is also "not required to show that he was literally ignored." *Berry*, 604 F.3d at 441 (citing *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). A doctor's choice of "easier and less efficacious treatment" for a serious medical condition can amount to deliberate indifference under the Eighth Amendment. *Id.* (citing *Estelle*, 429 U.S. at 104, n.10; *Williams v. Vincent*, 508 F.2d 541 (2d Cir. 1974); *Johnson*, 433 F.3d at 1013 (stating that "medical personnel cannot simply resort to an easier course of treatment that they know is ineffective"); *Greeno*, 414 F.3d at 655 (noting that persistence in a course of treatment "known to be ineffective" violates the Eighth Amendment)).

The First Amended Complaint states plausible claims against Doctors Newbold, Henderson, and Asselmeier for denying Plaintiff adequate dental care (**Count 1**) and against the IDOC Director and Warden Butler for implementing a policy and/or practice of refusing all forms of dental care other than tooth extractions (**Count 2**). *See, e.g.*, *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (finding under 42 U.S.C. § 1983 that allegations that agency's most senior officials were personally "responsible for creating the policies, practices and customs that caused the constitutional deprivations . . . suffice at this stage in the litigation to demonstrate . . . personal involvement in [the] purported unconstitutional conduct"). Accordingly, these claims shall receive further review.

## Disposition

IT IS HEREBY ORDERED that **COUNT 1** is subject to further review against Defendants **STEVEN NEWBOLD, DMD, HARRY GEORGE HENDERSON, DDS,** and **CRAIG J. ASSELMEIER, DMD**, and **COUNT 2** is subject to further review against Defendants **JOHN R. BALDWIN** and **KIMBERLY BUTLER**. These claims are considered **DISMISSED** without prejudice against those defendants who were not named in connection with each claim. With regard to **COUNTS 1** and **2,** the Clerk of Court shall prepare for Defendants **NEWBOLD, HENDERSON, ASSELMEIER, BALDWIN**, and **BUTLER:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 16), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that

the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 20, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**